UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GELAZELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01540-JLT-SKO (PC)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO STRIKE THE SECOND AMENDED COMPLAINT FILED DECEMBER 19, 2022 IN THIS ACTION AND TO SUBSTITUTE ANOTHER PLEADING FILED ERRONEOUSLY IN ANOTHER ACTION**<br><br>(Doc. 12) |

Plaintiff Mark Gelazela is a former prisoner proceeding *pro se* and *in forma pauperis* in this action. Following a review of docket entries in this action, the Court proceeds to correct a filing error by Plaintiff.

**I.     RELEVANT BACKGROUND**

On December 1, 2022, in case number 1:21-cv-01499-AWI-EPG (PC), *Gelazela v. United States of America, et al.*, District Judge Anthony W. Ishii issued an Order Adopting Findings and Recommendations and Order Severing Claims and Directing Clerk to Open New Actions. Those orders were also filed in this action.

Judge Ishii ordered that:

(1) The findings and recommendations issued by the magistrate judge on March 22, 2022, were ADOPTED in part;

1

(2) Plaintiff's deliberate indifference claim against Defendant Moore and Federal Tort Claims Act claim against the United States of America concerning his knee were to proceed in that action (21-1499);

(3) Plaintiff's Americans with Disabilities Act and Rehabilitation Act claims were dismissed with prejudice;

(4) Plaintiff's *Bivens*[1] claims against Defendants White, Lepe, Lehman, Blocher, Federal Correctional Institute, Mendota and the Bureau of Prisons concerning the treatment he received or failed to receive for his knee were dismissed with prejudice and without leave to amend;

(5) Plaintiff's claims "that are currently identified as Claim III, Claim IV, and Claim V" were severed from the claims in 21-1499;

(6) Plaintiff's "claim that is currently identified as Claim VI" was severed from the claims in 21-1499;

(7) the Clerk of the Court was directed to open "two new § 1983 actions," randomly assigning a magistrate judge to each new action, and filing and docketing in each new case the (a) order granting Plaintiff's application to proceed *in forma pauperis*, (b) Plaintiff's First Amended Complaint, (c) the screening findings and recommendations, and (d) "this order" and the Clerk was to provide Plaintiff with the case numbers for the newly opened actions;

(8) Plaintiff was provided "thirty days from the date the first new case is opened to file an amended complaint that only includes Claims III, Claim IV, and Claim V;

(9) Plaintiff was also provided "thirty days from the date the second new case is opened to file an amended complaint that only includes claim VI;"

(10) the Clerk was "directed to reflect the dismissal of all defendants on the Court's docket, except for defendant Moore and defendant United States of America; and

(11) the case (1:21-cv-1499) was referred back to the magistrate judge.

(*See* Doc. 2.)

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

As a result of Judge Ishii's Order, this action is the "second new case" that was opened.[2] Because this action is the "second new case," Plaintiff's second amended complaint should include "only" Plaintiff's claim previously identified as "claim VI."

On December 19, 2022, Plaintiff filed his second amended complaint in this action. (Doc. 12.) Plaintiff's second amended complaint presents three claims previously identified as Claims III, IV, and V in the previous case (1:21-cv-1499)—making it non-compliant with, or in technical violation of, Judge Ishii's order. Claims III, IV, and V were only to be filed in the "first new case."

"Federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *See Santamaria v. Todd Ins. Agency*, 231 F.R.D. 246, 248 (E.D. Tex. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Miller v. California Dept. of Corrections and Rehabilitation*, No. 1:12-cv-00353-LJO-GSA-PC, 2013 WL 5954803, at *3 (E.D. Cal. Nov. 6, 2013). To correct Plaintiff's mistake and what amounts to a technical violation of Judge Ishii's Order, the undersigned will direct the Clerk of the Court to take certain actions to administratively amend the technical violation.

## II.   CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court SHALL strike the Second Amended Complaint filed on December 19, 2022, (Doc. 12), in this action and SHALL replace that pleading with the Second Amended Complaint filed December 19, 2022, in case number 1:22-cv-01539 (also Doc. 12 in that action); and,

//
//
//
//
//

---

[2] The "first new case" opened bears case number 1:22-cv-01539-ADA-EPG.

3

2. The Clerk of the Court SHALL ensure the docket in this action accurately reflects that the incorrectly filed Second Amended Complaint is stricken (Doc. 12), and is replaced with the Second Amended Complaint incorrectly filed in action 1:22-cv-01539, and shall assign it a new docket number.

IT IS SO ORDERED.

Dated: **January 10, 2023**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE