UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GELAZELA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:22-cv-01540-JLT-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO AMEND AND SUBSEQUENT NOTICE TO THE COURT**<br><br>(Doc. 17) |

Plaintiff Mark Gelazela is a former prisoner proceeding *pro se* and *in forma pauperis* in this action.

**I.      RELEVANT BACKGROUND**

On January 11, 2023, this Court issued its Order Directing Clerk of the Court to Strike the Second Amended Complaint Filed December 19, 2022 in this Action and to Substitute Another Pleading Filed Erroneously in Another Action. (Doc. 13.) The Order directed the Clerk to substitute one pleading for another following a filing error by Plaintiff amounting to a technical violation of an order issued by District Judge Anthony W. Ishii in another pending matter. On that same day, Plaintiff filed a "Declaration and Motion to the Court Not to Switch Claims Between Cases." (Doc. 17.)

On January 12, 2023, Plaintiff filed a Notice to the Court. (Doc. 18.)

//

//

//

1

## II.     DISCUSSION

### *Plaintiff's January 11, 2023 Motion*

In his January 11, 2023 motion, Plaintiff states that in case 1:21-cv-01499-AWI-EPG, District Judge Anthony W. Ishii severed claims, and ordered that the first opened new case contain Claims III, IV, and V and that the second opened new case contain Claim VI. (Doc. 17 at 1.)

The Court notes that both new cases were opened the same day. Plaintiff contacted the Clerk's Office "to ensure that it did not matter and that either new case could be chosen for the III, IV, V claim group and the VI claim group respectively." (*Id.*). Plaintiff was told it should not matter which in which case he filed each group of claims, "so the Plaintiff randomly chose to file the new second amended complaint for severed claims III, IV and V in new case 1:22-cv-01540-SKO and a second amended complaint for claim VI in new case 1:22-cv-01539." (*Id.*)

Plaintiff asks the Court to allow his claims to proceed this way, because if the Court disagrees with Plaintiff's assessment, Plaintiff will need to "refile a second amended complaint in 1:22-cv-01539 also and let that judge know to consider claim III, IV and V instead of the complaint the Plaintiff has already filed in that case for claims VI, and this all becomes very confusing for all parties involved." (*Id.* at 1-2). Alternatively, Plaintiff asks the Court to allow him to file the complaint he submitted in case 1:22-cv-01539 in this case, and that the Court consider it timely. (*Id*. at 2.)

### *Plaintiff's January 12, 2023 Notice*

In his January 12, 2023 notice, Plaintiff apologizes and explains he "mistakenly read the case number incorrectly as to where the court was directing the clerk to pull in the second amended complaint from." (Doc. 18 at 1.) He "mistakenly thought that the Court was directing that the old second amended complaint from the original case 1:21-cv-01499-AWI-EPG was to be docketed," before he realized his error. (*Id*.) Plaintiff states his "'motion not to switch' was indeed a moot point" and asks the Court to disregard it. (*Id*.)

//

//

2

Because this Court's January 11, 2023 order corrected the technical violation, Plaintiff's January 11, 2023 motion is moot—which the plaintiff acknowledges.

### III.  CONCLUSION AND ORDER

For the forgoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's "Motion to the Court Not to Switch Claims Between Cases" (Doc. 17) is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated:   **January 19, 2023**            /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE