**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK A. GELAZELA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:22-cv-01540 JLT SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS FOLLOWING SCREENING OF PLAINTIFF'S FOURTH AMENDED COMPLAINT<br><br>(Doc. 27) |

Plaintiff alleges that while he was incarcerated at the Federal Correctional Institution at Mendota, numerous officials there were negligent in processing his requests for compassionate release pursuant to the CARES Act, causing him harm. (*See generally* Doc. 26.) He advances claims under the Federal Tort Claims Act (FTCA), including negligence, gross, negligence, willful misconduct, and intentional infliction of emotional distress (IIED). (*Id*.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued Findings and Recommendations following screening of Plaintiff's Fourth Amended Complaint, recommending that this action proceed on Plaintiff's FTCA claims against defendant United States alleging negligence and gross negligence, and that any remaining claims be dismissed. (Doc. 27.) Plaintiff filed timely objections. (Doc. 28.)

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this

1

case. Having carefully reviewed the matter, including plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Plaintiff raises two related objections. (Doc. 28.) First, he argues that the magistrate judge incorrectly concluded that he had not alleged facts to support a willful misconduct claim. (*Id*. at 1-2.) He also challenges the recommendation to dismiss his IIED claim. (*Id*. at 2-3.) The magistrate judge correctly summarized the applicable standards, (Doc. 27 at 12 (explaining that willful misconduct required "the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its possible consequences"); 13 (explaining that an IIED claim requires intentional conduct "so extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community")), and then correctly concluded that the operative complaint did not allege sufficiently egregious conduct.

In his objections, Plaintiff highlights that he alleged corrections officials "knowingly" ignored a court order to expedite his compassionate release request and "willfully and wantonly" backdated the administrative denial of his release request. (Doc. 28 at 2.) The Court finds these objections unpersuasive. First, the Court has taken judicial notice of the court order Plaintiff references, which expedites providing notice to prison officials of Plaintiff's habeas petition because it "he is in debilitating pain and seeks emergency medical care" for "whatever action those officials deem appropriate," without ruling on the merits of the allegations therein. *See Gelaza v. White*, 1:21-cv-00002 DAD HBK (HC), Doc. 10 (dated Apr. 2, 2021). Contrary to Plaintiff's assertion, that order did not direct prison officials to expedite Plaintiff's administrative compassionate release petition. Second, even assuming prison officials "willfully and wantonly" backdated their decision on his administrative release petition, Plaintiff fails to allege facts to suggest that the <u>act of backdating that decision</u> was likely to result in serious injury or was otherwise beyond all bounds of decency. In sum, the Court agrees with the magistrate's recommendation to dismiss all but the negligence and gross negligence claims.

Thus, the Court **ORDERS**:

   1. The Findings and Recommendations issued on May 15, 2025 (Doc. 27) are

**ADOPTED IN FULL**.

2. This action **PROCEEDS** against defendant United States on federal tort claims of negligence and gross negligence.

3. Any remaining claims in plaintiff's fourth amended complaint are **DISMISSED**.

IT IS SO ORDERED.

Dated:   **August 3, 2025**

UNITED STATES DISTRICT JUDGE

3