UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK A. GELAZELA,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 1:22-cv-01540-JLT-EGC (PC)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

(Doc. 36)

[14-DAY OBJECTION DEADLINE]

Plaintiff Mark A. Gelazela is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* Pending before the Court is the motion to dismiss filed by Defendant United States of America. (Doc. 36.) Plaintiff opposed the motion (Docs. 37, 38), and the United States replied (Doc. 39). The motion was submitted on the record without oral argument. *See* L.R. 230(*l*).

For the reasons below, the undersigned recommends that the motion be granted and that this action be dismissed without leave to amend. Plaintiff did not file suit within six months after the Bureau of Prisons ("BOP") mailed its denial of his administrative tort claim, as 28 U.S.C. § 2401(b) requires. Neither of the later trigger dates Plaintiff proposes is legally available, and the facts Plaintiff alleges, accepted as true, cannot establish tolling. The Court reached the same conclusions regarding the same administrative claim in the action from which this case was

severed, and the Ninth Circuit affirmed.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed his original complaint on October 8, 2021, in *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (E.D. Cal.) ("*Gelazela I*"). Following screening, the Court severed certain of Plaintiff's claims and directed the Clerk to open new actions, and this action was opened on December 1, 2022. (Doc. 2; *see* Doc. 27 at 5 n.2.)[1] After several rounds of screening, Plaintiff filed a fourth amended complaint naming the United States as the sole defendant. (Doc. 26.) The Court found that the fourth amended complaint states FTCA claims for negligence and gross negligence and dismissed all other claims. (Docs. 27, 29.) Plaintiff alleges that officials at the Federal Correctional Institution in Mendota negligently processed his requests for compassionate release, causing him physical and emotional harm, including a worsened knee injury and a COVID-19 infection. (Doc. 27 at 6-10.)

On November 24, 2025, the United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's FTCA claims are barred by the six-month limitations period in 28 U.S.C. § 2401(b). (Doc. 36; Doc. 36-1.) Plaintiff filed an opposition (Docs. 37, 38),[2] and the United States replied (Doc. 39). On May 4, 2026, the action was reassigned to the undersigned. (Doc. 40.)

### B. The Prior Ruling in *Gelazela I*

In *Gelazela I*, the United States moved for summary judgment on Plaintiff's FTCA claim on the ground that it was untimely under section 2401(b). (*Gelazela I*, Doc. 63 at 4, 11.) The magistrate judge found that the BOP mailed its denial of Plaintiff's administrative claim by certified mail on March 8, 2021, that Plaintiff therefore had until September 8, 2021, to file suit,

---

[1] This action was opened on December 1, 2022, when the Court severed it from *Gelazela I*. (Doc. 2.) The United States does not argue that the action should be treated as commenced on December 1, 2022, rather than on October 8, 2021, the date Plaintiff filed the original complaint in *Gelazela I*. (*See* Doc. 36-1 at 1-2.) Therefore, the undersigned uses the date more favorable to Plaintiff, October 8, 2021.

[2] Plaintiff filed an opposition (Doc. 37) and, the same day, an "amended" opposition (Doc. 38). The two are substantively identical; the amended version corrects a few typographical errors. The undersigned cites the amended opposition (Doc. 38) as the operative brief.

and that his October 8, 2021 complaint was untimely. (*Id.* at 9-12.) The magistrate judge rejected Plaintiff's argument that the disability tolling provision of 28 U.S.C. § 2401(a) applies to FTCA claims. (*Id.* at 12.) The magistrate judge also rejected Plaintiff's request for equitable tolling based on his approximately three-week COVID-19 quarantine from August 26 to September 14, 2021, his limited access to the law library, his medical condition and the conditions of his confinement, and restrictions following his release to home confinement. (*Id.* at 12-14.) The magistrate judge declined to consider Plaintiff's unauthorized surreplies. (*Id.* at 8-9.)

Plaintiff objected, arguing that the six-month period began on June 8, 2021, when the Warden responded to his request for administrative remedy, or on July 14, 2021, when he mailed a reply to the BOP's denial letter. (*Gelazela I*, Doc. 66 at 6, 10.) He also argued that he was entitled to tolling because of his physical and mental disabilities, including PTSD, and because he was "in COVID lockdown and quarantine for several months." (*Id.* at 6-7, 11.) On *de novo* review, the district judge rejected each argument. The Court held that section 2401(b) does not contemplate responses to a denial letter or extend the time for filing based on them, and that the Warden's response addressed a request for administrative remedy rather than Plaintiff's FTCA claim. (*Id.* at 9-10.) The Court further held that section 2401(a) does not apply to tort claims and that Plaintiff's claimed inability to file because of medical issues and lockdowns was contradicted by the numerous other legal documents he prepared during the limitations period. (*Id.* at 10-12.) The Court adopted the findings and recommendations in full, granted summary judgment for the United States on the FTCA claim, and entered judgment on March 31, 2025. (*Id.* at 14-15; *Gelazela I*, Doc. 67.)

Plaintiff appealed. On August 4, 2026, the Ninth Circuit affirmed. *Gelazela v. United States*, No. 25-2277 (9th Cir. Aug. 4, 2026) (*Gelazela I*, Doc. 71). The Ninth Circuit held that the FTCA claim was untimely because the BOP mailed its denial on March 8, 2021, and Plaintiff filed suit on October 8, 2021, "exactly one month after the limitations period ran on September 8, 2021." (*Gelazela I*, Doc. 71 at 2.) It held that the "tolling provision for legal disabilities in 28 U.S.C. § 2401(a) does not apply to tort claims against the government under 28 U.S.C. § 2401(b)," and that Plaintiff was not entitled to equitable tolling "because he did not pursue his

claim with reasonable diligence." (*Id.* at 2-3.) It also held that the district court did not abuse its discretion in declining to consider Plaintiff's surreplies, and that "the arguments in the surreplies do not change [the] analysis of the underlying merits of Gelazela's claims." (*Id.* at 4-5.)[3]

**C. Allegations Concerning Exhaustion and Timeliness**

The fourth amended complaint alleges that Plaintiff mailed an SF-95 administrative tort claim to the BOP's Western Regional Counsel on January 6, 2021, and that receipt was acknowledged on January 15, 2021. (Doc. 26 at 14-15, 39.) Plaintiff alleges that on March 11, 2021, he received a reply to his SF-95 denying his claim. (*Id.* at 15.) The denial letter, which is dated March 1, 2021 and attached to the complaint, is addressed to Plaintiff "VIA CERTIFIED MAIL," and states: "[Y]our claim is denied. If you are not satisfied with this determination, you are afforded six months from the date of the mailing of this letter via certified mail within which to bring suit in the appropriate United States District Court." (*Id.* at 40.)

Plaintiff also alleges that between May and September 2021 he pursued requests for compassionate release through the BOP's Administrative Remedy Program, submitting BP-8, BP-9, BP-10, and BP-11 forms. (*Id.* at 14-15.) He alleges that these submissions included the same materials as his SF-95, although the top sheet of each form referred only to compassionate release. (*Id.* at 14.) On June 8, 2021, the Warden responded to Plaintiff's BP-9, stating that the request did not comply with the filing requirements of the Administrative Remedy Program and advising Plaintiff that he could appeal to the Regional Director. (*Id.* at 15, 32.)

Plaintiff alleges that on July 14, 2021, he mailed a reply to the BOP's denial letter "refuting the denial of his claim," and that when he received no response, he "considered this a

[3] The undersigned takes judicial notice of the filings in *Gelazela I* identified above, including the Ninth Circuit's memorandum disposition filed on that docket. Fed. R. Evid. 201(b), (c)(1); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases."); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). The undersigned notices these records for what they show was argued and decided in *Gelazela I*, not for the truth of any factual finding in them. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). The undersigned does not rely on any factual finding from *Gelazela I* to resolve the pending motion; the analysis below rests on the allegations and exhibits of the fourth amended complaint. Although the United States did not file a separate request for judicial notice, its motion is expressly based on "court records subject to judicial notice" and relies on the *Gelazela I* rulings throughout (Doc. 36 at 1; Doc. 36-1 at 1-3, 5-6), and Plaintiff relies on the *Gelazela I* record in opposition (Doc. 38 at 1-2, 5-7).

final denial and moved to a civil complaint which had to be filed within six months of July 14, 2021." (*Id.* at 16.) The reply is dated May 7, 2021; Plaintiff alleges that quarantines and lockdowns prevented him from mailing it until July 14, 2021. (*Id.* at 16 n.4; *see id.* at 26, 45-46.) Plaintiff further alleges that "the last written denial was not from the regional counsel on 03/01/2021 . . . but from the Warden on 06/08/2021," so that his October 8, 2021 complaint was timely. (*Id.* at 16.)

**D. The Parties' Arguments**

The United States argues that the untimeliness of Plaintiff's FTCA claims is apparent from the face of the fourth amended complaint and its exhibits, and that the issue is "precisely the same issue decided by this Court in Gelazela's prior case." (Doc. 36-1 at 5.) It argues that neither the Warden's June 8, 2021 response nor Plaintiff's July 14, 2021 reply restarted the limitations period. (*Id.* at 6.) It asks that dismissal be without leave to amend because amendment would be futile. (Doc. 39 at 1-2.)

Plaintiff responds that the Court should not rely on *Gelazela I* because his appeal was pending when he filed his opposition and because this case is separate and should be considered "de novo." (Doc. 38 at 1-2.) He argues that his Request for Administrative Remedy contained his entire SF-95 package, so the Warden's June 8, 2021 response was a denial of his tort claim that restarted the six-month period. (*Id.* at 3-6.) He argues that he could not file suit until he finished the BOP's administrative remedy process, because otherwise his suit would have been dismissed for failure to exhaust. (*Id.* at 6-7.) He argues that he is entitled to equitable tolling because of his disabilities, COVID-19 lockdowns during which he lacked writing materials, and his own COVID-19 infection, and he incorporates the tolling arguments he made in *Gelazela I* and on appeal, which he says "all apply in this case also." (*Id.* at 2, 7.) Finally, he asks the Court to construe his pleadings liberally and to decide the case on the merits rather than on a "procedural item." (*Id.* at 7-10.)

## II. LEGAL STANDARDS

**A. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro*

*v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).[4]

**B. Dismissal Based on the Statute of Limitations**

A claim may be dismissed under Rule 12(b)(6) as barred by the statute of limitations "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). Such a motion "may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (citation omitted).

[4] The United States also gave Plaintiff the notice required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), which applies to motions for summary judgment. (Doc. 36 at 2.) The motion is brought under Rule 12(b)(6), and the undersigned does not convert it into a motion for summary judgment. The undersigned considers only the fourth amended complaint, its exhibits, and matters properly subject to judicial notice. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).

**C. Equitable Tolling**

The FTCA's limitations periods are non-jurisdictional and subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015). A litigant is entitled to equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (applying this standard to the FTCA). The extraordinary circumstance must be "beyond [the litigant's] control," *Menominee*, 577 U.S. at 257, and must have caused the untimely filing, *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A pro se litigant's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III. DISCUSSION

**A. The FTCA's Six-Month Limitations Period**

The FTCA provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). An FTCA "claim is timely only if it has been: (1) submitted to the appropriate federal agency within two years of accrual and (2) filed in federal court within six months of the agency's final denial." *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019) (citing *United States v. Wong*, 575 U.S. 402, 405 (2015)). The six-month period is not jurisdictional and is subject to equitable tolling. *Wong*, 575 U.S. at 420. Only the second requirement is at issue here.

**B. Untimeliness Is Apparent from the Face of the Complaint**

Plaintiff's own allegations and exhibits establish that his FTCA claims are untimely. The BOP's denial letter was sent by certified mail, expressly denied the claim, and advised Plaintiff that he had "six months from the date of the mailing of this letter" to file suit. (Doc. 26 at 40.) That language is a notice of final denial under section 2401(b). *See* 28 C.F.R. § 14.9(a); *Gelazela*

*I*, Doc. 66 at 9. Plaintiff alleges that he received the letter on March 11, 2021. (Doc. 26 at 15.) The letter therefore was mailed no later than March 11, 2021, and Plaintiff was required to file suit no later than September 11, 2021.[5] He filed suit on October 8, 2021. Unless the limitations period began to run later, or was tolled, Plaintiff's FTCA claims are "forever barred." 28 U.S.C. § 2401(b).

Plaintiff offers two later trigger dates, but neither is available as a matter of law.

*i. The Warden's June 8, 2021 Response*

Plaintiff first contends that the limitations period ran from the Warden's June 8, 2021 response. (Doc. 26 at 16; Doc. 38 at 3-6.) But section 2401(b) runs from the "mailing… of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Plaintiff presented his tort claim to the BOP's Western Regional Counsel, and the Regional Counsel denied it. (Doc. 26 at 14-15, 39-40.) The Warden's response, which is also attached to the complaint, addresses Plaintiff's Request for Administrative Remedy, a separate submission under the BOP's Administrative Remedy Program. (*Id.* at 32.) It does not mention the FTCA, the SF-95, or the administrative claim at issue with the BOP's Western Regional Counsel. It does not purport to deny any tort claim, and it does not advise Plaintiff of any right to sue. Instead, it states that Plaintiff's request failed to comply with the Administrative Remedy Program's filing requirements and tells him he may appeal to the Regional Director. (*Id.*) A response to a request for administrative remedy is not a final denial of an FTCA claim. *See* 28 C.F.R. § 14.9(a); *compare* 28 C.F.R. §§ 542.10-.19 (Administrative Remedy Program), *with* 28 C.F.R. §§ 543.30-.32 (BOP procedures for FTCA claims); *Gelazela I*, Doc. 66 at 10.

Plaintiff's allegation that his administrative remedy submissions enclosed the same materials as his SF-95 (Doc. 26 at 14; Doc. 38 at 4-5) does not change this conclusion. Accepting the allegation as true, the agency to which Plaintiff presented his tort claim finally denied it in

---

[5] The fourth amended complaint does not allege the date the denial letter was mailed, and the undersigned does not rely on the finding in *Gelazela I* that it was mailed on March 8, 2021. The allegation that Plaintiff received the letter on March 11, 2021 (Doc. 26 at 15) establishes that it was mailed no later than that date. September 11, 2021, fell on a Saturday. Even if the deadline was extended to the following Monday, September 13, 2021, *see* Fed. R. Civ. P. 6(a)(1)(C), Plaintiff still filed suit nearly a month late.

writing by certified mail, and that is the event that starts the six-month period. Nothing in section 2401(b) permits a claimant to restart the period by submitting the same materials through a different administrative process.

*ii. Plaintiff's July 14, 2021 Reply*

Plaintiff next contends that because the BOP did not respond to the reply he mailed on July 14, 2021, he could treat that silence as a final denial and file suit within six months of that date. (Doc. 26 at 16.) The Ninth Circuit has rejected similar efforts to extend the limitations period through successive filings, explaining that if each filing required a new denial that restarted the clock, "the six-month limitations period would effectively be read out of the statute." *Redlin*, 921 F.3d at 1139. As the Court explained in *Gelazela I*, accepting Plaintiff's theory would allow "a claimant [to] extend the filing deadline in perpetuity by mailing responses at any time to the agency." (*Gelazela I*, Doc. 66 at 10.)[6] Plaintiff now characterizes this argument as a "minor point." (Doc. 38 at 6.) It provides no basis to find his complaint timely.

Accordingly, the running of the limitations period is apparent from the face of the fourth amended complaint. The remaining question is whether Plaintiff could establish tolling.

**C. Plaintiff's Allegations Cannot Establish Tolling**

Because the untimeliness of Plaintiff's claims is apparent from the face of the complaint, the question is whether Plaintiff's allegations, read liberally and accepted as true, would permit him to prove that the limitations period was tolled. *Supermail Cargo*, 68 F.3d at 1206-07. Plaintiff invokes his disabilities, COVID-19 lockdowns, his own COVID-19 infection, and his belief that he had to complete the BOP's Administrative Remedy Program before filing suit. (Doc. 38 at 2, 6-7.) None of these theories can establish tolling.

---

[6] Plaintiff does not frame the July 14, 2021 letter as a request for reconsideration under 28 C.F.R. § 14.9(b), and it cannot fairly be read as one. A timely written request for reconsideration filed before the six-month period expires gives the agency six more months to dispose of the claim. *Id.* The letter, dated May 7, 2021, and mailed July 14, 2021, does not ask the BOP to reconsider. It disputes the denial and states that Plaintiff is "presently filing the civil suit." (Doc. 26 at 45-46.) In any event, if the letter were treated as a reconsideration request, it would not help Plaintiff. Under section 14.9(b), Plaintiff could not have filed suit until the agency finally disposed of the request or six months passed, *i.e.*, until January 2022. A suit filed on October 8, 2021, would have been premature, and a prematurely filed FTCA action must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

*i. Disability*

Plaintiff alleges that he is a 50% service-connected disabled veteran. (Doc. 26 at 6; *see* Doc. 38 at 2.) To the extent he relies on the provision of 28 U.S.C. § 2401(a) that extends the time to sue for persons "under legal disability," that provision does not apply to tort claims against the United States, which are governed exclusively by section 2401(b). *Booth*, 914 F.3d at 1206. Plaintiff's disability therefore does not toll the six-month period as a matter of law.

*ii. COVID-19 Infection and Quarantine*

Plaintiff alleges that he was placed in a mandatory 21-day quarantine on August 26, 2021, that he became symptomatic with COVID-19 on August 29, 2021, and that the illness was "harrowing and damaging…for weeks on end." (Doc. 26 at 10-11.) These allegations cannot establish tolling for two separate reasons.

First, the illness did not prevent Plaintiff from pursuing his legal remedies. Plaintiff alleges that on September 7, 2021, nine days after he became symptomatic and while he was in quarantine, he mailed a BP-11 appeal to the BOP's Central Office by certified mail, together with the package of materials supporting his claims. (Doc. 26 at 14.) Plaintiff's own allegations thus show that, during the very period he says he was incapacitated, he was able to prepare and mail a legal submission. An extraordinary circumstance warrants tolling only if it caused the untimely filing. *Bryant*, 499 F.3d at 1061. Plaintiff does not, and in light of his own allegations cannot, plausibly allege that his illness prevented him from filing a complaint when it did not prevent him from filing an administrative appeal.

Second, even if the Court tolled the limitations period for the entire 21-day quarantine, Plaintiff's complaint would still be untimely. The six-month period expired no later than September 11, 2021. *See supra* Section III(B). Adding 21 days extends the deadline only to October 2, 2021, nearly a week before Plaintiff filed suit on October 8, 2021. Even measured from the extended September 13, 2021 deadline, *see* Fed. R. Civ. P. 6(a)(1)(C), the period would have expired on October 4, 2021. Tolling for the period of Plaintiff's illness thus cannot save his claims.

*iii. COVID-19 Lockdowns*

Plaintiff also invokes institutional COVID-19 lockdowns. (Doc. 38 at 2.) The only lockdown-related allegation in the fourth amended complaint is that quarantines and lockdowns prevented him from mailing his reply to the BOP's denial letter until July 14, 2021. (Doc. 26 at 16 n.4.)[7] That allegation concerns the timing of Plaintiff's reply, not his ability to file suit. And the complaint shows that, throughout the six-month limitations period, Plaintiff was actively preparing and mailing legal submissions: he submitted a BP-8 on May 7, 2021; mailed a BP-9 by certified mail on May 21, 2021; mailed a BP-10 by certified mail on June 25, 2021; mailed his reply to the BOP's denial letter on July 14, 2021; and mailed a BP-11 by certified mail on September 7, 2021. (Doc. 26 at 14-16, 26.) Plaintiff's reply, which he dated May 7, 2021, even informed the BOP that he was "presently filing the civil suit." (*Id.* at 45.) These allegations foreclose any plausible inference that lockdowns prevented Plaintiff from filing a timely complaint. *See Bryant*, 499 F.3d at 1061. Nor do they show that Plaintiff pursued his FTCA claim diligently. Rather, he chose to direct his efforts toward administrative appeals that were not required for his FTCA claim, as explained below.

**D. The Administrative Remedy Program**

Finally, Plaintiff argues that he could not file suit until he finished the BOP's Administrative Remedy Program, because otherwise his suit would have been dismissed for failure to exhaust. (Doc. 38 at 6-7; *see* Doc. 26 at 14-16.) This argument rests on a mistaken understanding of the law. The FTCA's exhaustion requirement is satisfied by presenting the claim to the appropriate federal agency and receiving a final denial. 28 U.S.C. § 2675(a). Plaintiff satisfied that requirement when the Regional Counsel denied his SF-95 claim. The Administrative Remedy Program is a separate process, and completing it is neither required for nor relevant to FTCA exhaustion. (Doc. 27 at 7 ("Exhaustion under the Prison Litigation Reform Act does not

[7] In opposition, Plaintiff also asserts that he lacked "so much as a pencil or paper" during "several lengthy COVID lockdowns." (Doc. 38 at 2.) This assertion does not appear in the fourth amended complaint, and the undersigned does not consider it in deciding whether the complaint states a claim. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, the undersigned considers it below in deciding whether leave to amend should be granted.

satisfy the requirement to exhaust under the FTCA.").) Plaintiff is also mistaken that the Court required him to show exhaustion through the Administrative Remedy Program; the Court directed him to allege facts concerning the certified-mail denial of his FTCA claim. (*Id.* at 4.) Nothing in section 2401(b) suspends the six-month period while a prisoner pursues other administrative remedies, and the denial letter expressly told Plaintiff that he had six months from its mailing to sue. (Doc. 26 at 40.) Plaintiff's misunderstanding of the FTCA's requirements is not an extraordinary circumstance. *Rasberry*, 448 F.3d at 1154.

Plaintiff's appeals to the Court's preference for resolving cases on their merits and to the leniency afforded *pro se* litigants (Doc. 38 at 7-10) do not change the result. The Court has construed Plaintiff's filings liberally. But the limitations period is set by statute, and Plaintiff's allegations, accepted as true, do not permit an inference that it was tolled.[8] Accordingly, Plaintiff's FTCA claims are barred by 28 U.S.C. § 2401(b).

**E. Leave to Amend**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). A court may deny leave to amend when amendment would be futile. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013). In deciding whether to grant leave to amend, the Court may consider facts raised for the first time in an opposition brief. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Amendment would be futile here. The dates that make Plaintiff's claims untimely come from his own allegations and exhibits, and no additional facts could change when the BOP mailed its denial or when Plaintiff filed suit. The facts Plaintiff raises in opposition would not cure the deficiency. His assertion that he lacked a pencil or paper during "several lengthy COVID

[8] Plaintiff's suggestion that the Court should wait for the Ninth Circuit to decide his appeal in *Gelazela I* (Doc. 38 at 1-2, 7) is moot, because the Ninth Circuit has now affirmed. (*Gelazela I*, Doc. 71.) Plaintiff is correct that this action is separate from *Gelazela I*, and the undersigned has considered his arguments independently. Having done so, the undersigned reaches the same conclusion the Court reached in *Gelazela I* regarding the same administrative claim, the same denial letter, and the same October 8, 2021 filing date. (*See Gelazela I*, Doc. 66 at 9-12; *Gelazela I*, Doc. 71 at 2-3.)

lockdowns" (Doc. 38 at 2) is irreconcilable with his own allegations that he prepared and mailed administrative filings in May, June, July, and September 2021 (Doc. 26 at 14-16), and he identifies no period, let alone one long enough to make his October 8, 2021 filing timely, during which he was unable to file a complaint. His reliance on his disabilities and on the Administrative Remedy Program fails as a matter of law. Plaintiff has already amended his complaint four times, and his opposition does not identify any additional facts he could allege. Accordingly, the undersigned recommends that dismissal be without leave to amend.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Defendant United States of America's motion to dismiss (Doc. 36) be **GRANTED**;
2. Plaintiff's FTCA claims for negligence and gross negligence be **DISMISSED** without leave to amend as barred by 28 U.S.C. § 2401(b); and,
3. The Clerk of the Court be directed to close this case.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of these Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **November 17, 2026**

UNITED STATES MAGISTRATE JUDGE